**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| CHRISTOPHER L. TYLER, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1951 |
| Defendant. | : | (Interference with Interstate |
| | : | Commerce by Robbery) |
| | : | 22 D.C. Code §§ 2801, 4502 (2001 ed.) |
| | : | (Armed Robbery) |
| | : | 22 D.C. Code §§ 4504(b) (2001 ed.) |
| | : | (Possession of a Firearm During a Crime |
| | : | of Violence or Dangerous Offense) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); |
| | : | 18 U.S.C. 981(a)(1)(C); |
| | : | 21 U.S.C. § 853(p); and 28 U.S.C. § 2461 |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about July 30, 2014, in the District of Columbia, **CHRISTOPHER L. TYLER,** did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that **CHRISTOPHER L. TYLER** and a co-conspirator not indicted herein, who is yet unknown to the Grand Jury, did unlawfully take and obtain personal property consisting of United States currency belonging to the Safeway located at 1100 4th Street,

Southwest, Washington, D.C., from the presence of an employee against her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while the employee was engaged in commercial activities as an employee of Safeway, a business that is engaged in and that affects interstate commerce.

(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWO

On or about July 30, 2014, within the District of Columbia, **CHRISTOPHER L. TYLER** and a co-conspirator not indicted herein, who is yet unknown to the Grand Jury, while armed with a firearm, or imitation thereof, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Erica Harris, property of value belonging to Safeway, consisting of United States currency.

(**Armed Robbery**, in violation of Title 22, D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT THREE

On or about July 30, 2014, within the District of Columbia, **CHRISTOPHER L. TYLER** did possess a firearm, or imitation thereof, while committing the crime of armed robbery as set forth in Count Two of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## FORFEITURE ALLEGATION

1.     Upon conviction of the offenses alleged in Counts One or Two of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The property subject to forfeiture includes:

    a.     $15,661.00

The United States will also seek a forfeiture money judgment against the defendant in the amount of $15,661.

    2.    Upon conviction of the offense alleged in Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of, the offense.

    3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

    (**Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Section 853(p) and Title 28, United Sates Code, Section 2461(c))

                          A TRUE BILL:


                            FOREPERSON.

Attorney of the United States in
and for the District of Columbia